UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MEDCOMP SCIENCES, LLC

CIVIL ACTION

VERSUS

UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN SERVICES
AND CENTERS FOR MEDICARE &
MEDICAID SERVICES

NO.: 16-00650-BAJ-EWD

RULING AND ORDER

Before the Court is the **Motion for Temporary Restraining Order (Doc. 2)** filed by MedComp Sciences, LLC ("Plaintiff"). Through its Motion, Plaintiff seeks to enjoin the United States Department of Health & Human Services and the Centers for Medicare and Medicaid Services (collectively "Defendants") from imposing and enforcing sanctions against Plaintiff's toxicology laboratory in Zachary, Louisiana, due to Plaintiff's alleged failure to comply with the Clinical Laboratories Improvement Amendments of 1988 ("CLIA"). (Doc. 2 at p. 1). Plaintiff asserts that "[u]nless the United States Department of Health & Human Services and the Center for Medicare and Medicaid Services are restrained and enjoined by order of this Court, MedComp will suffer immediate and irreparable injury, loss and damage." (Doc. 2 at p. 2). Pursuant to this Court's instruction, Defendants filed a response to Plaintiff's motion (Doc. 5), and Plaintiff has filed a reply (Doc. 10). For the reasons stated herein, Plaintiff's motion is **DENIED**.

## I.   BACKGROUND

On Friday, September 30, 2016, Plaintiff, the owner of a toxicology laboratory

located in Zachary, Louisiana, filed the instant lawsuit (Doc. 1) and a Motion for Temporary Restraining Order (Doc. 2) seeking to enjoin Defendants from imposing sanctions as outlined in a letter of noncompliance furnished by the Centers for Medicare & Medicaid Services. (Doc. 1-1). Because of alleged noncompliance with certain conditions required for maintaining CLIA certification, Defendants have threatened Plaintiff with the following sanctions, effective October 5, 2016: (1) Imposition of a Directed Plan of Correction, which would require Plaintiff to notify all of its clients of its "immediate jeopardy" status under the CLIA; (2) imposition of a Directed Portion of a Plan of Correction, which would require Plaintiff to submit the names and addresses of all of its clients to Defendants for notification purposes; (3) suspension of all Medicare and Medicaid payments; (4) suspension of Plaintiff's CLIA certificate (which would disallow Plaintiff from legally performing or billing for any patient for laboratory testing); and (5) potential revocation of Plaintiff's CLIA certificate, pending a decision from an Administrative Law Judge ("ALJ") if an appeal is filed. Plaintiff asks this Court to enjoin the imposition of these sanctions until such time as Plaintiff exhausts its administrative remedies. (Doc. 1 at ¶ 45).[1]

## II.   LEGAL STANDARD

A temporary restraining order "is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of

---

[1] As of Monday, October 3, 2016, Plaintiff had not appealed Defendants' findings and decision to impose the aforementioned sanctions to an ALJ in accordance with the relevant administrative exhaustion procedures. However, Plaintiff now represents that it filed a Request for Expedited Hearing to the Departmental Appeals Board of the Department of Health and Human Services on October 4, 2016, after a telephone conference on this matter. (*See* Doc. 10 at p. 3; Doc. 10-4).

persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir.2009) (quotations omitted). The purpose of a temporary restraining order is to "preserve the status quo and prevent irreparable harm just so long as is necessary to hold a hearing, and no longer." *RW Development, LLC v. Cuningham Group Architecture, Inc.*, 2012 WL 3258782, at *2 (S.D.Miss. Aug. 8, 2012) (citing *Granny Goose Food, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir.1974)). The movant seeking injunctive relief "must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order ... can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir.1987). Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).

## III.   DISCUSSION

After reviewing the pleadings, the Court finds that Plaintiff has failed to carry its burden regarding the substantive elements necessary for the issuance of a temporary restraining order. Importantly, Plaintiff has not demonstrated a substantial likelihood that it will prevail on the merits of its underlying constitutional claim. Plaintiff asserts that Defendants violated the Fifth Amendment's procedural

due process provision. (Doc. 1 at ¶¶ 32 – 35).[2] Specifically, Plaintiff avers that the imposition of the threatened sanctions and the resulting indefinite closure of its laboratory pending administrative review of the allegations of its noncompliance with the CLIA violates its constitutional right to due process. (Doc. 1 at ¶ 33). Defendant counters that because Plaintiff does not have a property interest in the CLIA certification that would require this Court to provide additional due process safeguards, there is no due process violation. (Doc. 8 at p. 7).

The Court agrees. At its core, Plaintiff's argument stems from its assertion that it has a property interest in both Medicaid payments and its CLIA certification, and that it has a liberty interest in operating its laboratory pending its administrative appeal. However, Plaintiff has provided no authority supporting these barebones assertions. To the contrary, the Court is persuaded that Plaintiff has no constitutionally protected interests in either continued Medicaid funding or its CLIA certification such that additional procedural safeguards are required. *See D&G Holdings, LLC v. Leavitt*, 2008 WL 782446 (W.D. La. 2008) (finding that neither the CLIA nor its regulations create a property interest in laboratory certifications and that statutorily created post-deprivation procedures are sufficient); *see also Personal Care Products, Inc. v. Hawkins*, 635 F.3d 155 (5th Cir. 2011) (holding that there is no due process-protected property interest to Medicaid reimbursements for a provider

---

[2] The Court recognizes that because Plaintiff has failed to complete the statutorily mandated appeals process, there has been no final resolution of the underlying merits concerning Plaintiff's administrative claims available for this Court's consideration. As such, the Court will limit its analysis of Plaintiff's ability to demonstrate substantial likelihood of success on the merits to the alleged Fifth Amendment violation asserted in Plaintiff's Verified Complaint (Doc. 1).

that is the subject of an investigation).  Because the Court finds that Plaintiffs have no constitutionally protected interests at stake in this lawsuit, due process exceeding that which is already provided for in the administrative appeals process is not required before Defendants impose the proposed sanctions. *See* 42 U.S.C. §263a(h) – (i)(2) (outlining generally the appeals process when a laboratory's CLIA certification is suspended, revoked or limited).[3]

Because Plaintiff has failed to meet its burden regarding this required element, the Court need not address the other elements necessary for granting injunctive relief. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Temporary Restraining Order (Doc. 2)** is **DENIED**.

Baton Rouge, Louisiana, this 5th day of October, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[3] The Court notes the dilatory manner in which Defendants have proceeded in formally notifying Plaintiff of its laboratory's operational defects. However, Plaintiff's assertion that Defendants violated the State Operations Manual ("SOM") by failing to mail the survey report to Plaintiffs within the "required" time period does not convince the Court that the imposition of sanctions should be delayed through a temporary restraining order. As the Department Appeals Board has noted, "the SOM provision…does not establish a prerequisite for imposing a sanction…" *In the Case of*: Sonali Diagnostic Laboratory, DAB 2008 (2006) (HHS), 24 at n. 24.